Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2735 | **DATE** | 4/26/2002 |
| **CASE TITLE** | PATRICK NAVIN vs. PARK RIDGE SCHOOL DISTRICT NO. 64, FRED SCHROEDER and SALLY PRYOR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for summary judgment [59-1] is granted in part. Judgment is entered for defendants Park Ridge Sch. Dist. No. 64, Fred Schroeder, and Sally Pryor on the IDEA claim challenging Park Ridge's individualized educational plan and against plaintiff Patrick Navin. The motion is denied in all other respects. Pursuant to 20 U.S.C. § 1415(i)(2), all remaining claims are remanded to the Illinois State Board of Education. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 29 2002 | |
| | Notified counsel by telephone. | | date docketed | 80 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 APR 26 PM 3: 13 | 4/26/2002 date mailed notice | |
| CB courtroom deputy's initials | | FILED | CB mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK NAVIN ) | |
| ) | |
| Plaintiff, ) | No. 00 C 2735 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| PARK RIDGE SCHOOL DISTRICT NO. 64, ) | |
| FRED SCHROEDER and SALLY PRYOR ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Patrick Navin, *pro se*, sues Park Ridge School District No. 64, Fred Schroeder, and Sally Pryor (collectively "defendants") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq*. Defendants move for summary judgment.

## BACKGROUND

### I. Rule 56.1 Statement of Facts

Although *pro se* plaintiffs are entitled to more lenient standards in some circumstances, the standards do not diminish in complying with procedural rules. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Navin's response fails to comply with this court's local rules. Defendants provided Navin with a Local Rule 56.1 notice to *pro se* litigants opposing summary judgment. Nevertheless, Navin failed to respond to defendants' Rule 56.1 statement of facts. All Rule 56.1 facts supported by the record are deemed admitted. *Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 453 (7th Cir. 1994); L.R. 56.1(b)(2)(B). Navin does not submit a Local Rule 56.1(b)(3)(B) statement of additional facts or a memorandum of law.




Instead, Navin admits and denies paragraphs contained in defendants' summary judgment motion. Further, Navin submits a document entitled "Affirmative Response" consisting of selective quotes from the Seventh Circuit's decision in *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147 (7th Cir. 2001), and paragraphs listing defendants' purported IDEA violations with citation to attached exhibits. The court considers Navin's submission and attached exhibits to the extent they are relevant in resolving defendants' summary judgment motion.

## II. Statement of Facts

All facts are undisputed unless otherwise noted. Navin is the non-custodial natural father of John Patrick Navin ("J.P."). J.P. is a student enrolled in Park Ridge School District No. 64. ("Park Ridge"), an Illinois public school. Margaret Murnighan is J.P.'s natural mother and custodial parent. Fred Schroeder is Park Ridge's superintendent, and Sally Pryor is the assistant superintendent.

Navin and Murnighan are divorced. Under the divorce decree, Murnighan retains full custody and sole responsibility for J.P.'s education. Def. 56.1 Facts, Ex. A, p. 8. However, Navin is allowed "to inspect the children's school records and to communicate with teachers, school personnel, and counselors, to discuss the children's standing and progress and to participate in school activities[.]" *Id.* at p. 7. J.P. suffers from dyslexia. During the 1999-2000 school year, Park Ridge convened a multi-disciplinary conference to determine J.P.'s eligibility for special education services and to develop an individualized educational plan pursuant to the IDEA, 20 U.S.C. § 1414. An individualized education plan is a written report for each child with a disability that includes a statement of the child's current level of educational performance, annual goals, and special education services. 20 U.S.C. § 1414(d)(1). As a result of the conference, Park Ridge recommended placing J.P. in an instructional resource classroom in a home school environment for 500 minutes of tutoring

2

per week. Additionally, Park Ridge recommended 30 minutes per week of social work, and special course materials, examinations, and instructional modifications. Murnighan supplemented J.P.'s education by retaining a private tutor to work with J.P. outside the classroom.

During the 2000-2001 school year, Murnighan requested in-class educational support for J.P. Park Ridge held a conference to review J.P.'s individualized educational plan and consider Murnighan's proposal. In its February 27, 2001 individualized educational plan, Park Ridge recommended placing J.P. in an instructional resource classroom in a home school environment for 550 minutes per week. Park Ridge recommended "pull-out reading services," which requires J.P. to work with a tutor during school hours outside the classroom. J.P. would be allowed to have tests administered in small groups and read aloud. J.P. would be provided extra time to complete tests and examinations. These accommodations and educational services were developed for J.P.'s 2001-2002 school year. Murnighan accepted Park Ridge's recommendation.

### III. Procedural Background

Navin disagreed with Park Ridge's individualized educational program to accommodate J.P.'s dyslexia. On February 14, 2000, Navin sent Schroeder a letter requesting a due process administrative hearing. Navin sought year-round educational services for J.P., a tutor specially trained in the "Orton-Gillingham Technique" or the "Wilson Method" for 500 minutes per week, and the "unfettered involvement of this father in all aspects of [J.P.'s] education." Def. 56.1 Facts, Ex. D. On March 22, 2000, an administrative hearing officer dismissed the action. The hearing officer determined Navin, a non-custodial parent, did not have educational decision-making authority under Illinois law to request a due process hearing. Navin filed an action with this court on May 5, 2000. This court held Navin lacked standing under the IDEA to challenge Park Ridge's educational plan

3

because he was a non-custodial parent, and the divorce decree accorded Murnighan sole decision-making authority over J.P.'s education. The court dismissed the action.

The Seventh Circuit vacated this court's dismissal order and remanded. *Id.* The Seventh Circuit determined Navin retained parental rights under the divorce decree that could be used to challenge Park Ridge's individualized educational program. *Id.* The Seventh Circuit instructed this court to "determine the precise nature of Patrick's claims, evaluate their status under the divorce decree, and proceed to adjudicate those claims that Patrick retains under the decree and that are not trumped by Margaret's use of her own powers under that decree." *Id.*

## DISCUSSION

I. **Summary Judgment Standard**

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). If the moving party meets this burden, the nonmovant must then respond by setting forth specific facts that demonstrate the existence of a

genuine issue for trial. Fed. R. Civ. P. 56(e).

## II. Navin's Challenge to the Individualized Educational Plan

Defendants contend Navin cannot challenge Murnighan's decision on J.P.'s individualized educational program. Under the IDEA, parents "may bring a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). To satisfy the IDEA's requirements, a school district must provide disabled children with a free public education that is appropriate and tailored to their individual needs. *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7, 12 (1993); *Bd. of Educ. of Murphysboro Comm. Unit Sch. Dist. No. 186 v. Illinois State Bd. of Educ.*, 41 F.3d 1162, 1166 (7th Cir. 1994). A free and appropriate public education is "specifically designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to benefit from the instruction." *Murphysboro*, 41 F.3d at 1166 (internal citations omitted). School districts must follow the IDEA's procedures to develop an individualized education program reasonably calculated to enable a child to receive educational benefits. *Id.* When a parent files a complaint with the school district contesting the educational placement of his child, the parent is granted an "impartial due process hearing" conducted by the state or local educational authority. 20 U.S.C. § 1415(f)(1). A party aggrieved by a hearing officer's decision may seek judicial review in federal court. 20 U.S.C. § 1415(i)(2)(A).

The crux of the dispute between the parties is whether Navin has parental rights under the divorce decree to challenge Park Ridge's individualized educational plan for J.P.'s dyslexia. The IDEA grants parents authority to request an impartial due process hearing to contest the school district's individualized educational program outlined for their child. However, "nothing in the

IDEA overrides states' allocation of authority as part of a custody determination." *Navin*, 270 F.3d at 1148 (citing *Susan R.M. v. Northeast Indep. Sch. Dist.*, 818 F.2d 455, 457 (5th Cir. 1987)). Under the Illinois Marriage and Dissolution of Marriage Act, "the custodian may determine the child's uprising, including but not limited to, his education, health care and religious training," unless the parties agree to different terms of custody. 750 ILCS § 5/608(a); *see also Stevenson v. Hawthorne Elementary Sch. Dist.*, 144 Ill.2d 294, 302, 579 N.E.2d 852, 856 (1991). The divorce decree grants Murnighan sole responsibility for J.P.'s education. Def. 56.1 Facts, Ex. A, p. 8.

The Seventh Circuit held Navin retained a parental interest in J.P.'s education under the divorce decree because he could inspect school records, communicate with school personnel, and participate in school activities. *Navin*, 270 F.3d at 1148. The Seventh Circuit directed this court to determine "whether Patrick's claims are incompatible, *not* with the divorce decree itself, but with [Murnighan's] use of her rights under the decree." *Id.* Specifically, the Seventh Circuit stated if Murnighan disagrees with Navin's proposals for J.P.'s educational plan, Murnighan's decision prevails. *Id.* Murnighan has the exclusive right to determine the course of J.P.'s education under the divorce decree. *Id.*

It is undisputed Murnighan is satisfied with the individualized educational program she jointly developed with Park Ridge. Def. 56.1 Facts at ¶ 25; Ex. C at ¶ 10. Park Ridge recommended "pull-out reading services" in its February 27, 2001 individualized educational program. Def. 56.1 Facts, Ex. E at p. 8. That would require J.P. to work with a tutor during school hours outside the classroom. Park Ridge recommended placing J.P. in an instructional resource classroom in a home school environment for a minimum of 550 minutes per week. Def. 56.1 Facts at ¶ 22. J.P. is allowed to have tests read aloud and administered in small groups. J.P. is provided extra time to

complete tests and examinations. *Id.*, Ex. E at p. 10. Navin fails to proffer evidence Murnighan objects to Park Ridge's individualized educational program. Navin does not advance evidence Murnighan prefers Navin's proposed individualized educational program. Nor does Navin demonstrate Murnighan is open to changing J.P.'s educational program to accommodate Navin's proposals. Murnighan's undisputed affidavit attests she is content with Park Ridge's provision of specialized educational services for J.P.'s dyslexia. *See* Def. 56.1 Facts, Ex. C. Indeed, Murnighan works jointly with J.P.'s classroom teacher to address her son's disability. *Id.* at ¶ 24. Because the IDEA cannot override Illinois' allocation of authority to Murnighan over J.P.'s education, Murnighan's decision controls. Navin may retain a parental interest in J.P.'s education under the divorce decree, but his interests are relevant only if they are compatible with Murnighan's parental rights. *See Navin*, 270 F.3d at 1149. Navin's proposal to significantly alter J.P.'s educational plan is incompatible with Murnighan's current decision on J.P.'s individualized educational program. As a matter of law, Navin cannot challenge Murnighan's decision to adopt Park Ridge's plan to accommodate J.P.'s dyslexia. Accordingly, summary judgment must be granted on Navin's IDEA claim contesting defendants' individualized educational plan for J.P.'s education.

## III. Navin's Remaining Claims

In his *pro se* complaint, Navin asserts various IDEA procedural violations. Navin contends defendants failed to provide him access to J.P.'s records and notice of events concerning J.P.'s education. Compl. at ¶¶ 8-10. Further, Navin alleges he was not provided sufficient notice of a Park Ridge meeting to discuss J.P.'s individualized educational program. *Id.* at ¶ 11. To assess whether a school district has provided a free and public education, the court must determine whether the school: (1) complied with the IDEA's procedural requirements; and (2) developed an individualized

educational program "reasonably calculated to enable the child to receive educational benefits." *Bd. of Educ. of Hendrick Hudson Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). IDEA's extensive system of procedural safeguards provides parents the opportunity to fully participate in all decisions concerning their child's education, and to obtain administrative and judicial review of the school district's program. *Honig v. Doe*, 484 U.S. 305, 308 (1988). The IDEA assures parents the right to examine records pertaining to the evaluation and educational placement of their child. 20 U.S.C § 1414(b). Parents must be permitted to attend school conferences to determine the child's individual educational program. *Id.*

The Seventh Circuit suggested Navin may have additional interests under the divorce decree that are within the scope of his retained rights. *Navin*, 270 F.3d at 1150. Under the IDEA, the definition of "parent" includes biological or natural parents. *See* 34 C.F.R. § 300.20. Illinois law grants the custodial parent authority to determine the education of the child, unless the parties agree to different custody terms. 750 ILCS § 5/608(a). The divorce decree grants Navin the right to access J.P.'s educational records, communicate with school personnel to discuss J.P.'s progress, and participate in school activities. Def. 56.1 Facts, Ex. A. Thus, Navin's retained parental rights under the divorce decree allow him to invoke the IDEA to obtain school records and receive notice of school meetings that address J.P.'s disability. Because these parental rights are expressly outlined in the divorce decree, Navin retains these rights even though Murnighan has final control over J.P.'s individualized educational plan. *See Navin*, 270 F.3d at 1150.

The administrative hearing officer did not address the substantive merits of Navin's claims. The hearing officer held Navin could not request an impartial administrative hearing under Illinois

law because he was a non-custodial parent.[1] Because Navin retains some parental rights in J.P.'s education under the divorce decree, the Seventh Circuit held the hearing officer's determination was incorrect. *Navin*, 370 F.3d at 1148. However, this court declines to address Navin's alleged IDEA procedural violation claims until an impartial hearing officer has held an administrative hearing, has addressed the claims on its merits, has created an administrative record, and has issued a decision.

Under § 1415(i)(2)(a), "any party aggrieved by the findings and decision" of the impartial hearing officer may bring a civil action for judicial review. *See Butler v. Evans*, 225 F.3d 887, 891 (7th Cir. 2000) (noting that parties may appeal the results of the administrative hearing to federal court). The court's review of the hearing officer's decision is limited to the issues raised and addressed at the administrative level. *See* 20 U.S.C. § 1415(i)(2); *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 49 (7th Cir. 2000). The IDEA provides the reviewing court "shall receive the record of the [state] administrative proceedings", and "shall hear additional evidence at the request of a party[.]" *See* 20 U.S.C. § 1415(i)(2)(B); *Dell v. Bd. of Educ. Township High Sch. Dist. No.113*, 32 F.3d 1053, 1057 (7th Cir. 1994). In reviewing the administrative record, federal courts must given "due weight" to the results of the administrative proceedings and must not substitute its "own notions of sound educational policy for those of the school authorities[.]" *Heather S. v. State of Wis.*, 125 F.3d 1045, 1052 (7th Cir. 1997). Because Navin's claims have not been addressed on the merits, a remand of the action for an administrative hearing is warranted. *See e.g. Ezratty v. Commonwealth of Puerto Rico*, 648 F.2d 770, 775 (1st Cir. 1981) (remand appropriate where the court did not have a factual record from an administrative proceeding to review a child's

---

[1] Neither party submitted the hearing officer's decision as part of their Rule 56.1 exhibits. The court refers to the hearing officer's decision attached to defendants' motion to dismiss.

individualized educational plan); *Waterman v. Marquette-Alger Itermediate School Dist.*, 739 F. Supp. 361 (W.D. Mich. 1990) (remand appropriate where the school district erroneously concluded it lacked jurisdiction over parent's claims under the Education of the Handicapped Act, the IDEA's predecessor).

The administrative review requirement promotes accuracy, efficiency, agency autonomy, and judicial economy. *Deveaux v. Vallas*, No. 01 C 4122, 2001 WL 699891, at *3 (N.D. Ill. Jun. 21, 2001). It allows the educational agency to apply its expertise, develop a factual record, and address the merits of its educational programs for disabled students. *Kubistal v. Hirsch*, No. 98 C 3838, 1999 WL 90625, at *6 (N.D. Ill. Feb. 9, 1999). This court lacks an administrative record to review because Navin's claims were not addressed on the merits. Consequently, the court is unable to give due weight to the decision of the administrative hearing officer in accordance with the IDEA. *See Bd. of Educ. of LaGrange Sch. Dist. No. 105 v. Illinois State Bd. of Educ.*, 184 F.3d 912, 914 (7th Cir. 1999).

Finally, remand is appropriate because the IDEA authorizes district courts to "grant such relief as the court determines is appropriate." 20 U.S.C. §1415(i)(2)(B). In Illinois, the IDEA's administrative review process falls within the authority of the Illinois State Board of Education. *See* 105 ILCS § 105/14-8.02a. Accordingly, the court remands Navin's action to the Illinois State Board of Education to allow an impartial hearing officer to address Navin's alleged IDEA procedural violation claims on the merits.

## CONCLUSION

The motion for summary judgment is granted in part. Judgment is entered for Park Ridge School District No. 64, Fred Schroeder, and Sally Pryor on the IDEA claim contesting Park Ridge's individualized educational plan. The motion is denied in all other respects. Pursuant to 20 U.S.C. § 1415(i)(2), all remaining claims are remanded to the Illinois State Board of Education for further proceedings consistent with this memorandum opinion and order.

April 26, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge